IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE VALLEJO | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.: 7:17-cv-00211 |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jorge Vallejo, hereinafter referred to as Plaintiff, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Ronald Sledge ("Sledge") (hereinafter referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

## I.
## PARTIES

1. Plaintiff is an individual residing in Hidalgo County, Texas.

2. Defendant Allstate is a domestic insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its attorney for service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. This Defendant has appeared and answered.

3. Defendant Sledge is an individual residing in Williamson County, Texas and may be served with process at the following address: 8605 Ephraim Road, Austin, Texas 78717

4. The Clerk is requested to issue Citations.

## II.
## JURISDICTION

5. The amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a)

6. The court has jurisdiction over Defendant Allstate because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7. The court has jurisdiction over Defendant Sledge because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## III. VENUE

8. Venue is proper in the Southern District of Texas because the insured property is located in Hidalgo County, Texas.

## IV. FACTS

9. Plaintiff is the owner of a homeowners insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Allstate. Plaintiff owns the insured property, which is specifically located at 2606 East Jarilla Avenue, Hidalgo, Texas 78557 (hereinafter referred to as "the Property").

10. Defendant Allstate sold the Policy insuring the Property to the Plaintiff.

11. Plaintiff experienced a weather event which caused substantial damage to the Property and constituted covered losses under the Policy issued by Defendant Allstate. Plaintiff opened a claim with Allstate, only to have that claim denied. Defendant Allstate

assigned a date of loss of May 31, 2016 to claim. Defendant Allstate wrongfully denied Plaintiff's claim and refused to issue a full and fair payment for the loss.

12.     Defendant Sledge made numerous errors in estimating the value of Plaintiff's May 2016 claim, all of which were designed to intentionally minimize and underpay the loss incurred by the Plaintiff.  The estimate provided by Defendant Sledge failed to fully quantify Plaintiff's damages, thus demonstrating that he did not conduct a thorough investigation of Plaintiff's claim. This incomplete investigation culminated in the wrongful denial of Plaintiff's claim. This too was a misrepresentation of the policy benefits available to Plaintiff. Defendant Sledge made no attempt to determine the cause of the damage to Plaintiff's roof.

13.     Defendant Sledge documented covered damage to the property, including damage to the fence and grill. However, Defendant Sledge did not estimate any damage to Plaintiff's roof, in spite of finding hail damage in these other areas. Defendant Sledge knew, or should have known that Plaintiff incurred damage to the roof, but did not estimate it. This constitutes an unreasonable investigation.

14.      Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy in effect during Plaintiff's loss. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff. Defendant Allstate's conduct constitutes a breach of the insurance contract between Defendant Allstate and Plaintiff.

15. Defendants misrepresented to the Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

16. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

17. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

18. Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

19. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically,

Defendants performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

20. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claims. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

21. Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

22. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Allstate has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for their claims. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058

23. From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Defendant Allstate to pay the full claim in accordance with the

terms of the Policy was reasonably clear. However, Defendant Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

25. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

### A. CAUSES OF ACTION AGAINST DEFENDANT SLEDGE

#### i. TEXAS INSURANCE CODE VIOLATIONS

26. Defendant Sledge's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are actionable by TEX.INS.CODE §541.151.

27. Defendant Sledge is individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Defendant Allstate, because individually, they meet the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis

added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28. Defendant Sledge's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29. Defendant Sledge's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim(s), even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(a).

30. The unfair settlement practices of Sledge, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31. Defendant Sledge's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4)

32. Defendant Sledge's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7)

33. Defendant Sledge's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under the Policy by offering no payment for the damage. Defendant Sledge refused to offer any payment under the Policy. This failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### B. CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

34. Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing

#### i. BREACH OF CONTRACT

35. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Defendant Allstate and Plaintiff.

36. Defendant Allstate's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Allstate insurance contract with Plaintiff.

#### ii. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

38. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

39. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

40. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

41. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

42. Defendant Allstate's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under the Policy by offering no payment for the damage. Defendant Allstate refused to offer any payment under the Policy. This failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

    iii. **NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS**

43. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

44. Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

45. Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints constitutes a non-prompt payment of claims within the applicable time constraints and a violation of TEX.INS.CODE §541.056.

46. Defendant Allstate's delay of the payment of Plaintiff's claims following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

    **iv.**    **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

47. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

48. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at the time, Defendant Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

# VI.
# KNOWLEDGE

49. Each of the acts described above, together and singularly, was done "knowingly" as the term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

# VII.
# DAMAGES

50. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

51. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

52. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE § 541.152.

53. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

54. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose name are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary

services of Plaintiff's attorney in the preparation of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.
## JURY DEMAND

55.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in the McAllen District of the Southern District of Texas. Plaintiff has tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and future relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**HAUN MENA, PLLC**

By: /s/ *Ryan K. Haun*
    RYAN K. HAUN
    State Bar No.: 24055634
    Fed ID No.: 712457
    D. DOUGLAS MENA
    State Bar No.: 24054982
    Fed ID No.: 900712
    3006 Brazos Street
    Houston, Texas 77006
    (713) 781-8600- Telephone
    (713) 781-8601- Fax
    ryan@haunmena.com
    doug@haunmena.com

    **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  This is to certify that on the 25th day of July, 2017, a true and correct copy of the foregoing was delivered to counsel for Defendant in accordance with the Federal Rules of Civil Procedure:

Rosemary Conrad Sandoval
Elizabeth Ferguson Herrera
Roerig, Oliveira & Fisher, LLP
10225 N. Tenth St.
McAllen, Texas 78504
(956) 393-6300
(956) 386-1625 – Fax

                */s/ Ryan K. Haun*
                RYAN K. HAUN